STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
                                              SUPERIOR COURT DIVISION
COUNTY OF FORSYTH                13-CVS-1995

STANLEY JONES, )
)
       Plaintiff, )
)
v. )        COMPLAINT
)        (Jury Trial Demanded)
LANNA CHANDRASUWAN )
and BRIAN HOLBROOK, )
in their individual capacities, )
)
       Defendants. )
_____)

NOW COMES the Plaintiff, complaining of Defendants and demanding a jury trial, and alleges the following:

## PARTIES

1. Plaintiff is a citizen and resident of Forsyth County, North Carolina.

2. Defendant Chandrasuwan was, at all times relevant to this Complaint, employed as a probation officer by the North Carolina Department of Public Safety. She is sued in her individual capacity. All actions complained of were taken under color of law for purposes of 42 U.S.C. § 1983.

3. Defendant Holbrook was, at all times relevant to this Complaint, also employed as a probation officer by the North Carolina Department of Public Safety. He is sued in his individual capacity. All actions complained of were taken under color of law for purposes of 42 U.S.C. § 1983.

4. Both Defendants are sued pursuant to 42 U.C.S. § 1983 for conduct taken under color of state law that violated the Fourth Amendment of the United States Constitution, which is applicable to the State of North Carolina and its employees pursuant to the Fourteenth

Amendment. Defendants are sued individually for securing Plaintiff's arrest without probable cause and all the damages that flowed from that arrest.

## JURISDICTION

5. This court has jurisdiction pursuant to N.C. Const. Art. IV, § 12(3) and N.C.G.S. §7A-240 and §7A-243, and 42 U.S.C. §1983.

## FACTS

6. Plaintiff worked as a public school teacher for over six years.

7. In October 2009, Plaintiff was arrested and charged on allegations that he had kissed a student.

8. Plaintiff resigned his teaching position and found a job in November 2009 as a salesman for a mobile phone company called Prime Communications while his charges were pending.

9. In February 2010, Prime promoted Plaintiff to manager of its Greensboro store.

10. In March 2010, Prime offered to promote Plaintiff again, this time to a position in Augusta, Georgia, that included a significant pay increase.

11. Plaintiff moved to Augusta in April 2010.

12. Plaintiff's wife and children moved to Augusta in May 2010.

13. In July 2010, Plaintiff was offered and accepted a plea on his criminal case where he was placed on probation for two years and did not have to register as a sex offender.

14. Arrangements were made at the time of the plea to transfer the probation to Georgia under a legal arrangement called the Interstate Compact.

15. The State of Georgia Department of Corrections agreed to accept transfer of Plaintiff's probation.

16. Plaintiff paid a $150 transfer fee and the paperwork was completed and placed in his file in North Carolina.

17. Plaintiff reported to the Augusta, Georgia, probation office as required, was assigned a probation officer and fully complied at all times with the conditions of probation in Georgia.

18. Plaintiff continued to be very successful at work and Prime Communications promoted Plaintiff again, moving him to Savannah, Georgia, in December 2010 and increasing his salary.

19. Plaintiff worked with Georgia probation officials to transfer his supervision to an officer in Savannah.

20. On or about February 16, 2011, a probation officer named Jeff Kreiss, employed in the Savannah Probation office, took over supervision of Plaintiff.

21. Kreiss would later write that Plaintiff was "a model probationer" who was always "at work or at home" during unscheduled checks and "always does what is asked of him and is an upstanding citizen." Kreiss wrote that supervising Plaintiff "has been a pleasure."

22. In April 2012, Prime invited Plaintiff to attend a leadership training program in Houston in July 2012 to prepare him to for further advancement in the company. Prime discussed making Plaintiff director of the Raleigh market area as or of a 32-store district in Georgia.

23. Plaintiff's probation was scheduled to terminate on July 6, 2012.

24. Plaintiff had to pay off the restitution amount before the end of his probation.

25. On information and belief, the Interstate Office of the North Carolina probation system sent a reminder to Defendants in March 2012 that Plaintiff still had to pay his restitution.

26. On information and belief, Defendant Chandrasuwan wrote a letter to Plaintiff at the address where he had first lived in or near Augusta at the time of the Interstate Compact

3

transfer.

27. Plaintiff had not lived at the address for over a year and any forwarding service from the U.S. Post Office had expired.

28. On information and belief, the letter was returned to Defendants' office in Guilford County.

29. Plaintiff had remained in constant contact with his Georgia probation supervisors, who knew his work and homes addresses in Savannah.

30. Defendants never contacted the Georgia probation office to ask for Plaintiff's contact information.

31. Instead, on March 27, 2012, Defendant Chandrasuwan swore out a violation report that Defendant Holbrook reviewed and approved.

32. Under oath, Defendant Chandrasuwan informed the court that Plaintiff had "failed to make his whereabouts known to the probation officer," and that, "All efforts to locate [Jones] have been exhausted."

33. Defendant Chandrasuwan declared to the Court, with Defendant Holbrook's review and approval, that Plaintiff was "absconding from probation" and was "willfully avoiding supervision and actively making his whereabouts unknown to the supervising probation officer."

34. Unknown to Plaintiff or the Georgia probation office, the North Carolina court issued an order for Plaintiff's arrest.

35. On May 1, 2012, a United States Marshall appeared at Plaintiff's home in Savannah and, in front of his wife and five children, arrested him and transported him to the Chatham County Georgia jail.

36. Plaintiff stayed in jail for seven days, until May 8, 2012.

37. Prime Communications terminated his employment.

38. Plaintiff's wife hired a lawyer in Guilford County to try to unravel what had happened.

39. On May 2, Plaintiff's wife arranged to pay off the restitution in full, only to be told that Plaintiff had not been arrested for non-payment, but for absconding.

40. The lawyer communicated with the various probation offices in Raleigh, Greensboro and Savannah, as well as the District Attorney's office in Guilford County.

41. Defendant Holbrook wrote an undated memo to the court, apparently while Plaintiff was in jail in Georgia, asking to have the arrest warrant recalled and the violation report dismissed.

42. Holbrook wrote that his office was "forced to issue an absconder warrant" but that it was "believed now that the offender had received permission to move to Savannah" and he had paid the restitution in full.

43. Plaintiff was released from jail on May 8, 2012.

44. On July 18, 2012, the court dismissed the probation violations.

45. Plaintiff went through a prolonged period of unemployment due to the arrest and moved back to Forsyth County with his family, where he is trying to rebuild his life.

### FIRST CAUSE OF ACTION:
### Malicious Prosecution

46. Plaintiff incorporates by reference all preceding paragraphs.

47. Defendants secured an absconder arrest warrant, initiating a prosecution of Plaintiff without probable cause and with legal malice that terminated favorably for Plaintiff.

48. As a result of his arrest and prosecution, Plaintiff was humiliated in front of his family and those who worked for him, lost his liberty for seven days, lost substantial gainful

employment and suffered the complete collapse of the life he had dutifully and responsibly rebuilt for himself and his wife and family after his conviction.

49. Plaintiff seeks and is entitled to compensatory damages in excess of ten thousand dollars ($10,000.00) for the injuries he suffered due to his false arrest. Defendants are sued in their individual capacity on this claim. They acted outside the scope of their authority in securing an arrest warrant and initiating a prosecution without probable cause, and were grossly negligent and showed reckless and willful and wanton disregard for Plaintiff's rights in declaring him an absconder without even contacting the agency that was supervising him.

50. Plaintiff also seeks and is entitled to recover punitive damages against Defendants to the extent allowed under Chapter 1D of the General Statutes for conduct that was willful and wanton.

51. Plaintiff seeks and is entitled to attorney's fees under G.S. § 6-19.1.

## SECOND CAUSE OF ACTION:
### (Violation of the Fourth Amendment)

52. Plaintiff incorporates by reference all preceding paragraphs.

53. Plaintiff brings this Fourth Claim pursuant to 42 U.S.C. §1983 for violation of rights protected by the Fourth Amendment of the United States Constitution, which applies to the actions of Defendants pursuant to the Fourteenth Amendment. All actions of Defendants complained of herein were taken under color of law for purposes of 42 U.S.C. §1983.

54. Plaintiff brings a Fourth Amendment claim against Defendants in their individual capacities for procuring his arrest and prosecuting him as an absconder without probable cause and that absconder prosecution terminated in his favor.

55. As a result of his arrest and prosecution, Plaintiff was humiliated in front of his family and those who worked for him, lost his liberty for seven days, lost substantial gainful

6

Case 1:13-cv-00385-WO-JLW   Document 3   Filed 05/07/13   Page 6 of 7

employment and suffered the complete collapse of the life he had dutifully and responsibly rebuilt for himself and his wife and family after his conviction.

56. Defendants' actions exhibited willful and wanton disregard of Plaintiffs' rights, entitling him to punitive damages under 42 U.S.C. §1983 and Chapter 1D of the General Statutes

57. Plaintiff also seeks reasonable attorneys' fees under 42 U.S.C. § 1988.

## JURY TRIAL DEMAND

58. Plaintiff hereby demands a trial by a jury of his peers in the Superior Court of Forsyth County.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that after said jury trial the Court enter Judgment for Plaintiff and award the following relief:

1. Compensatory damages in excess of ten thousand ($10,000.00) dollars;

2. Punitive damages to the extent allowed under Chapter 1D of the General Statutes.

3. Interest on the Judgment at the statutory rate;

4. The costs and expenses in this action, including reasonable attorneys' fees under N.C.G.S. § 6-19.1 and 42 U.S.C. §1988; and,

5. Such other and further relief as the Court deems just and necessary.

This is the 28th day of March 2013.

_____
S. Luke Largess (N.C. Bar #17486)
Tin, Fulton, Walker, & Owen PLLC
301 E Park. Ave
Charlotte, NC 28203
704-338-1220
llargess@tinfulton.com

Attorney for the Plaintiff

7